# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ABBY L. BOYES,**
**Claimant Below, Petitioner**

**FILED**
**January 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-203**          (JCN: 2021008259)

**HOSPICE OF SOUTHERN WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Abby L. Boyes appeals the April 16, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Hospice of Southern West Virginia, Inc. ("HSWV") filed a timely response.[1] Ms. Boyes did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which 1) denied the claimant's request to add a crushing injury of the right foot, ligament disorder of the right foot, Morton's neuroma, and capsulitis of the right foot as compensable conditions under the claim; 2) denied authorization for right foot surgery; and 3) closed the claim for TTD benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed, in part, and affirmed, in part.

Ms. Boyes suffered a workplace injury on October 21, 2020, while employed by HSWV, when a bariatric bed rolled over her right foot. Ms. Boyes was seen at MedExpress the day of the injury and she was diagnosed with contusion of the right foot. On October 27, 2020, the claim administrator issued an order holding the claim compensable for contusion of the right foot. On October 28, 2020, Ms. Boyes underwent an x-ray of her right foot, which revealed degenerative changes, and a slight angulation at the proximal phalanx of the third toe that was attributed to an old, healed injury.

---

[1] Ms. Boyes is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. HSWV is represented by Charity K. Lawrence, Esq.

1

On November 4, 2020, Ms. Boyes was seen by Kevin D. Brown, DPM. Ms. Boyes reported that she suffered a right foot injury at work. Dr. Brown diagnosed her with capsulitis of the right foot, Morton's neuroma of the third interspace of the right foot, and other enthesopathies. On November 10, 2020, Ms. Boyes underwent an MRI of her right foot, which revealed mild osteoarthritis and soft-tissue swelling adjacent to the 4th and 5th metatarsals, associated with a soft-tissue contusion or cellulitis.

Ms. Boyes submitted a Diagnosis Update form dated November 25, 2020, requesting the addition of capsulitis of the right foot and Morton's neuroma as compensable components of the claim. On December 16, 2020, James Dauphin, M.D., completed a Physician Review report. Dr. Dauphin opined that Morton's neuroma was not associated with the compensable injury because they are rarely traumatic conditions, however he also stated that "[h]aving said that, I do appreciate that this is really a crushing injury of the foot and, therefore, will not behave according to set time frames." The claim administrator issued an order dated December 30, 2020, which denied the addition of capsulitis of the right foot and Morton's neuroma as compensable components of the claim based on the report of Dr. Dauphin.

Ms. Boyes returned to work part-time on February 3, 2021. On April 14, 2021, Ms. Boyes was again seen by Dr. Brown. The examination revealed mild swelling to the subtalar joint laterally, which Dr. Brown opined was most likely due to the compensable injury. Dr. Brown requested authorization for a referral to neurology for peripheral nerve evaluation due to Ms. Boyes' diagnosis of capsulitis and authorization for Lyrica.

On June 9, 2021, Ms. Boyes was examined by Stephen F. Conti, M.D. Dr. Conti diagnosed Ms. Boyes with a contusion of the right foot, possible third toe fracture which was healed, and edema. Dr. Conti opined that the edema could be explained by mild residual inflammation or general swelling due to Ms. Boyes' weight and diabetes. Dr. Conti further opined that Ms. Boyes had fully recovered from her compensable injury and could return to work without restrictions.

Dr. Brown requested authorization for a right foot excision of neuroma with plantar plate repair on June 14, 2021. Randall L. Short, D.O., completed a Physician Review report dated June 21, 2021. The issue presented was whether excision of a Morton's neuroma with plantar repair was medically necessary and related to the compensable injury. Dr. Short opined that the requested treatment should not be authorized. On June 28, 2021, the claim administrator issued an order which denied authorization for right foot excision of neuroma with plantar plate repair.

The claim administrator issued an order dated August 4, 2021, denying authorization for a right foot excision of neuroma. Ms. Boyes protested this order. On August 6, 2021, Dr. Brown opined that Ms. Boyes developed plantar plate instability at the second metatarsal that had manifested over the past three to four months. Dr. Brown further

2

opined that Ms. Boyes was unable to work and would likely require surgery to repair her plantar plate and remove her neuroma.

On August 11, 2021, the claim administrator issued an order, which closed the claim for TTD benefits based upon Dr. Conti's opinion that Ms. Boyes could return to work. Ms. Boyes protested this order. On August 23, 2021, Rebecca Thaxton, M.D., completed a Physician Review report. The issue presented was whether Lyrica and a neurology referral should be authorized. Dr. Thaxton opined that the requested treatment should not be authorized. Dr. Thaxton further opined that Ms. Boyes' weight and diabetes could account for the request for Lyrica and the neurology referral.

Ms. Boyes underwent an excision of a Morton's neuroma on her right foot on August 24, 2021. Dr. Brown's post-operative assessment was crushing injury of the right foot; disorder of ligament, right foot; Morton's neuroma of the third interspace of the right foot; capsulitis of metatarsophalangeal of the right foot; and localized edema. On August 25, 2021, Ms. Boyes submitted a diagnosis update, requesting that capsulitis and Morton's neuroma be added to the claim as compensable conditions. The claim administrator issued an order dated August 26, 2021, which denied authorization for a referral to neurology and Lyrica. Ms. Boyes protested this order. On September 9, 2021, Dr. Brown opined that Ms. Boyes could not return to work until October 12, 2021.

On February 17, 2022, Dr. Thaxton drafted a second report regarding Ms. Boyes' diagnosis of capsulitis of the right foot. Dr. Thaxton reported that the capsulitis diagnosis refers to pathology of the tendons and/or ligaments where they attach to the bones. After reviewing x-rays and an MRI of Ms. Boyes right foot, Dr. Thaxton found that neither revealed evidence of tendon or ligamentous disruption. Thus, Dr. Thaxton opined that the evidence did not support a diagnosis of capsulitis. On March 23, 2022, the claim administrator issued an order denying the addition of crushing injury of the right foot, ligament disorder of the right foot, and Morton's neuroma. Ms. Boyes protested this order.

The Board issued an order dated December 6, 2022, affirming the claim administrator's orders, which denied Ms. Boyes' request to add a crushing injury of the right foot, ligament disorder of the right foot, Morton's neuroma, and capsulitis of the right foot as compensable conditions under the claim; denied authorization for excision of a Morton's neuroma on the right foot; denied a referral to a neurologist; denied authorization for Lyrica; and closed the claim for TTD benefits. On September 5, 2023, this Court affirmed in part and vacated and remanded in part the Board's order, with instructions to provide a more adequate analysis regarding the diagnoses of crushing injury of the right foot, ligament disorder of the right foot, and Morton's neuroma.[2]

---

[2] This Court affirmed the Board's December 6, 2022, order in regard to the requested surgery, the referral to a neurologist, and the request for Lyrica, thus, those are not at issue in the instant appeal.

On April 16, 2024, the Board issued an order affirming the claim administrator's orders, which denied Ms. Boyes' request to add a crushing injury of right foot, ligament disorder of the right foot, Morton's neuroma, and capsulitis of the the right foot as compensable conditions under the claim; denied authorization for excision of a Morton's neuroma on the right foot; and closed the claim for TTD benefits.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Boyes argues that the preponderance of the evidence established that she is entitled to the presumption under the *Moore* precedent, and that she sustained a crushing injury of the right foot, a ligament disorder of the right foot, and Morton's neuroma of the third interspace of the right foot as a direct result of the compensable injury. Ms. Boyes further argues that the right foot excision of neuroma should have been approved as evidence establishes it to be reasonably related and medically necessary. Finally, Ms. Boyes argues that she continued to be temporarily and totally disabled while undergoing the procedure and recovering from it thereof, thus TTD benefits should not have been suspended.

The Supreme Court held in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent

4

that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id.* at 738, 783 S.E.2d at 858, syl. pt. 3

The Supreme Court clarified its position in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), holding:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Id.* at 294, 879 S.E.2d at 781, syl. pt. 5

In order to reopen a claim for TTD benefits, a claimant must show an aggravation or progression of a compensable condition, or facts not previously considered. *See* West Virginia Code § 23-5-2 (2005) and § 23-5-3a (2022).

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006).

Here, the Board reanalyzed the claim under *Gill* and *Moore* and found that Ms. Boyes failed to establish a causal relationship between the compensable injury and the crushing injury of the right foot, ligament disorder of the right foot, and Morton's neuroma. Further, the Board found Dr. Dauphin's explanation as to why Morton's neuroma was not causally related to the injury to be reliable, detailed, and persuasive. The Board then found that evidence did not support the compensability of a crush injury of the right foot since neuroma and capsulitis were determined to not be causally related to the injury. The Board also found that Ms. Boyes failed to establish that the requested right foot excision of Morton's neuroma was medically related and reasonably necessary for treatment of the compensable injury. Finally, the Board found that Ms. Boyes failed to establish that the closure of the claim for TTD benefits was improper.

Upon review, we conclude that the Board was clearly wrong in finding that Ms. Boyes failed to establish that the diagnosis of a crushing injury of the right foot was causally related to the compensable injury. The Board's logic on this issue was flawed; it

5

essentially found that because the other diagnoses were being rejected, crushing injury of the right foot must also be rejected. We find that the *Moore* presumption was not rebutted due to Ms. Boyes' prior foot injuries. However, we note that the Board determined that Dr. Dauphin's opinion about Morton's neuroma was reliable, detailed, and persuasive. Yet, the Board failed to acknowledge that in his report Dr. Dauphin also commented that, "I do appreciate that this is really a crushing injury of the foot." Thus, we reverse the Board on this issue and hold that the crushing injury of the right foot is to be held compensable in the instant claim.

As to the diagnoses of ligament disorder of the right foot and Morton's neuroma, we conclude that the Board was not clearly wrong in finding that Ms. Boyes failed to establish that these diagnoses should be held compensable. "[A] reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the [lower tribunal's] account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 5, *W. Va. State Police v. Walker*, 246 W. Va. 77, 866 S.E.2d 142 (2021), citing Syl. Pt. 1, in part, *In Re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Further, our review is deferential to the Board. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the Office of Judges per West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated that the Board was required to accord deference to the decisions by the Office of Judges. *See Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997).

Also, with this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in further finding that Ms. Boyes failed to establish that the requested right foot excision of Morton's neuroma was medically related and reasonably necessary for treatment of the compensable injury. Finally, we conclude the Board was not clearly wrong in finding that Ms. Boyes failed to establish that the closure of the claim for TTD benefits was improper. As Ms. Boyes' request for TTD benefits was based on her surgery, which was not related to the compensable injury, we find that she did not prove by a preponderance of the evidence that additional TTD benefits are related to the compensable injury.

Accordingly, we reverse in part and affirm in part the Board's April 16, 2024, order.

Affirmed, in part, and Reversed, in part.

**ISSUED:** January 29, 2025

6

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

Judge S. Ryan White, not participating